IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WIDMAN IMMIGRATION LAW FIRM,
LLC, an Oregon company,

        Plaintiff,

        v.

PASSAGE INC., a Canadian entity, and
MARTIN BASIRI, a Canadian individual,

        Defendants.

Case No. 3:25-cv-01982-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Widman Immigration Law Firm, LLC ("Widman Law") filed this case against Defendants Passage Inc. and Martin Basiri ("Basiri") (together, "Defendants") on October 24, 2025. Widman Law asserts claims against Passage Inc. and Basiri for trademark infringement, unfair competition, and false designation under the Lanham Act, common law trade infringement and unfair competition, and violations of Oregon's Unlawful Trade Practices Act. (Compl., ECF No. 1.)

///

///

PAGE 1 – OPINION AND ORDER

The Court has original jurisdiction over Widman Law's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. For the reasons explained below, the Court grants Basiri's motion to dismiss.

## BACKGROUND

Plaintiff Widman Law is a law firm with its principal place of business in Portland, Oregon. (Compl. ¶ 2.) Widman Law specializes in selling, rendering, and marketing legal services, primarily in the area of immigration law, including immigrant and nonimmigrant visas and related federal litigation. (*Id.* ¶ 12.) Widman Law uses "Passage Immigration Law" as a tradename and as its registered business name in Oregon. (*Id.* ¶ 13, further alleging that Widman Law uses "PASSAGE" as a "mark for services sold in commerce[.]") Widman Law is the owner of a federal trademark for the mark "PASSAGE" used in connection with "Legal consultation services; Legal services; Providing information about legal services via a website[.]" (*Id.* ¶ 14.) Widman Law registered the PASSAGE mark on May 29, 2018 and first used the mark in commerce on October 26, 2017. (*Id.*)

Defendant Passage Inc. is a for-profit corporation that maintains its headquarters and principal place of business in Ontario, Canada. (Compl. ¶ 3; *see also* Decl. Martin Basiri Supp. Mot. Dismiss ("Basiri Decl.") ¶ 2, ECF No. 12.) Passage Inc. connects international students with educational opportunities, primarily in Canada, and assists with securing student loans. (Basiri Decl. ¶ 3.) Basiri is the chief executive officer and a director of Passage Inc. and a resident of Ontario, Canada. (*Id.* ¶¶ 1, 4-5; *see also* Compl. ¶ 4.) Basiri has never lived, worked, or conducted business in Oregon. (Basiri Decl. ¶ 4.)

Widman Law alleges that Passage Inc. and Basiri are using Widman Law's mark without its consent, including by operating the URL "www.passage.com," which Widman Law claims "is nearly identical to [its] own website www.passage.law." (*Id.* ¶¶ 22, 24.) Widman Law further

PAGE 2 – OPINION AND ORDER

alleges that Passage Inc. and Basiri infringed Widman Law's mark by seeking to register "Passage" with U.S. Patent and Trademark Services. (*Id.* ¶ 21.) Widman Law sent Passage Inc. a cease and desist letter demanding that it stop using the mark and URL, but Passage Inc. did not desist. (*Id.* ¶ 30; *see also* Decl. Erick C. Widman Supp. Pl.'s Opp'n Def.'s Mot. Dismiss ("Widman Decl.") ¶ 4 & Ex. 8, ECF No. 16, noting that Widman Law sent Basiri a cease and desist letter on or about October 25, 2024.)

On January 27, 2026, Basiri filed a motion to dismiss Widman Law's complaint for lack of personal jurisdiction (Def. Basiri's Mot. Dismiss Widman LLC's Compl. ("Basiri's Mot."), ECF No. 11), Widman Law opposed the motion (Pl.'s Opp'n Def. Basiri's Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 15), Basiri replied (Reply Supp. Def. Basiri's Mot. Dismiss ("Basiri's Reply"), ECF No. 19), and Widman Law filed a notice of supplemental authority (Notice Suppl. Authority, ECF No. 26).

## DISCUSSION

Basiri moves under Federal Rule of Civil Procedure ("Rule") 12(b)(2) to dismiss Widman Law's complaint for lack of personal jurisdiction.

## I.    APPLICABLE LAW

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). When resolving a Rule 12(b)(2) motion without an evidentiary hearing, the court need "only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true"

PAGE 3 – OPINION AND ORDER

and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (simplified).

"An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994)). Oregon's long-arm statute "authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citing OR. R. CIV. P. 4(L)). Accordingly, the Court must inquire whether its exercise of jurisdiction over Basiri would comport with the limits imposed by federal due process. *See id.* ("We therefore inquire whether the District of Oregon's exercise of jurisdiction over [the defendant] comports with the limits imposed by federal due process.") (simplified).

"Federal due process permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has 'at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (simplified). The Ninth Circuit uses a three-prong "test to analyze whether a party's minimum contacts meet the due process standard for the exercise of specific personal jurisdiction[.]" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022); *see also Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (explaining that the three-prong inquiry is "commonly referred to as the minimum contacts test").

///

PAGE 4 – OPINION AND ORDER

Under the first prong of the minimum contacts test, Widman Law must show that Basiri "purposefully directed" activities toward Oregon or "purposefully availed" himself of the privilege of conducting activities in Oregon. *See Schwarzenegger*, 374 F.3d at 802. In the Ninth Circuit, courts "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802). The parties agree (*see* Pl.'s Opp'n at 4-5; Basiri's Reply at 8) that the purposeful direction test applies here. *See Columbia Sportswear Co. v. Trs. of Columbia Univ. in the City of N.Y.*, No. 3:25-cv-01299-AB, 2026 WL 1195002, at *4 (D. Or. May 1, 2026) (applying the purposeful direction test to trademark infringement claims). "[T]he purposeful direction test requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025) (en banc) (noting that "[t]he effects test is drawn from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984)") (simplified).

Under the second prong of the minimum contacts test, Widman Law's "claim must be one which arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Under the third prong, the district court's exercise of personal jurisdiction "must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* (citation omitted). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Glob. Commodities*, 972 F.3d at 1107 (simplified). "All three prongs must be satisfied [for a court] to assert personal jurisdiction[.]" *LNS Enters.*, 22 F.4th at 859.

PAGE 5 – OPINION AND ORDER

## II.    ANALYSIS

Basiri moves to dismiss Widman Law's claims against him on the ground that he is not subject to either general or specific personal jurisdiction in Oregon. (Basiri's Mot. at 7-12.) Basiri argues that Widman Law offers "no separate explanation" for the Court to exercise personal jurisdiction over him and his actions on behalf of Passage Inc. do not subject him to personal jurisdiction. (*Id.*) Widman Law responds that Basiri is subject to specific personal jurisdiction in Oregon and that the fiduciary shield doctrine does not limit the exercise of personal jurisdiction over corporate officers.[1] (Pl.'s Opp'n at 9-14.)

### A.    Specific Personal Jurisdiction

Defendants do not challenge the Court's personal jurisdiction over Passage Inc., but instead dispute whether Basiri's acts on behalf of Passage Inc. subject him to personal jurisdiction in this forum. Widman Law relies primarily on Passage Inc.'s continuing alleged infringement of Widman Law's mark following receipt of its cease and desist letter. (Pl.'s Opp'n at 10, arguing that "[t]his is an indicator of [Basiri's] intentionality.") Widman Law argues that as Passage Inc.'s chief executive officer, "it is reasonable to expect" that Basiri "expressly authorized the use of the 'PASSAGE' designation within the United States market, and authorized the filing of a federal trademark application to obtain nationwide right to the use of 'PASSAGE.'" (*Id.*) Basiri responds that every act Widman Law alleges in its complaint and its response to his motion are attributable to Passage Inc., not Basiri. (Basiri's Reply at 6-11.)

The Court first addresses the impact of the "fiduciary shield doctrine" on the Court's specific personal jurisdiction over Basiri. The Court finds that under the fiduciary shield doctrine, Basiri is neither subject to personal jurisdiction merely due to his association with

---

[1] Widman Law does not assert that Basiri is subject to general personal jurisdiction in Oregon. (*See generally* Pl.'s Opp'n.)

PAGE 6 – OPINION AND ORDER

Passage Inc. nor insulated from personal jurisdiction for acts he committed on behalf of Passage

Inc. *See Calder*, 465 U.S. at 789 (holding that a defendant's "contacts with [the forum state] are

not to be judged according to their employer's activities there" but "[o]n the other hand, their

status as employees does not somehow insulate them from jurisdiction" and "[e]ach defendant's

contacts with the forum State must be assessed individually") (citation omitted); *Billing Assocs.*

*Nw. LLC v. Addison Data Servs. LLC*, No. 23-35198, 2025 WL 289171, at *1 (9th Cir. Jan. 24,

2025) ("[A] person's mere association with a corporation that causes injury in the forum state is

not sufficient in itself to permit that forum to assert jurisdiction over the person." (quoting *Davis*

*v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989))); *D. Brutke's Victory Hills, LLC v.*

*Tutera*, No. 3:12-cv-01951-SI, 2013 WL 3818146, at *4-5 (D. Or. July 22, 2013) (providing a

comprehensive review of Supreme Court, Ninth Circuit, and Oregon case law and concluding

that courts must consider "the totality of Defendant's actions, whether taken individually or on

behalf of his various entities, in assessing the Court's personal jurisdiction over Defendant")

(citations omitted); *see also Kelley v. Kirkman Grp., Inc.*, No. 3:19-cv-01068-SB, 2020 WL

363389, at *3 (D. Or. Jan. 22, 2020) ("The Court does not agree that [the defendant] is insulated

from specific personal jurisdiction because any relevant forum contacts were made in his role as

a corporate officer.") (citations omitted); *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d

1046, 1057 (D. Or. 2014) (holding that "the fiduciary shield doctrine does not protect the

individual defendants from being subjected to personal jurisdiction in Oregon" and "[i]nstead,

the question is whether asserting personal jurisdiction over them under Oregon's long-arm

statute comports with the due process requirements of the United States Constitution"); *cf.*

*LaDue v. City of Talent*, 1:14-cv-01421-CL, 2015 WL 1636655, at *2 (D. Or. Apr. 10, 2015) ("A

corporate officer may be subject to personal jurisdiction if he was a 'primary participant' in the

PAGE 7 – OPINION AND ORDER

alleged wrongdoing. Jurisdiction may be appropriate if the officer had 'control of, and direct participation in the alleged activities.'") (citation omitted); *L & A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F. Supp. 2d 1196, 1199 (D. Or. Mar. 20, 2012) (holding that "assertion of personal jurisdiction over an employee, officer, or director of a corporation is allowed if the court finds that the individual had sufficient minimum contacts" (citing *Davis,* 885 F.2d at 522)).

With respect to Widman Law's complaint allegations against Basiri, Widman only generally alleges that Basiri "is an officer of and principal shareholder in Passage [Law]" and "[u]pon information and belief, Mr. Basiri has individually participated in improper conduct directly connected to the infringement alleged herein, specifically by consenting to, ratifying or approving of Passage [Law]'s acts of infringement and is therefore a conscious, dominant and active force behind these wrongful acts." (Compl. ¶¶ 4, 6; *see also* Pl.'s Opp'n at 5, arguing that in light of Basiri's position as chief executive officer and director, "[i]t is reasonable to expect that Mr. Basiri . . . expressly authorized the use of the "PASSAGE" designation within the United States market, and authorized the filing of a federal trademark application to obtain nationwide right to the use of "PASSAGE.") Widman Law's vague allegations are insufficient to meet its burden of demonstrating that Basiri—as opposed to Passage Inc.—purposefully directed any activities to Oregon. *See Billing Assocs. Nw. LLC*, 2025 WL 289171, at *1 ("[The plaintiff] does not allege any specific actions taken by [the defendants challenging personal jurisdiction]. Consequently, it fails to show that these defendants purposefully directed their conduct toward Washington. A defendant's awareness that the plaintiff will suffer harm in the forum state is not sufficient." (citing *Walden v. Fiore*, 571 U.S. 277, 290 (9th Cir. 2014))); *Exact Ord. Specialties v. Glow Indus., Inc.*, No. 03:12-cv-00631-HU, 2012 WL 3597432, at *5 (D. Or. Aug. 20, 2012) (granting the defendant's motion to dismiss for lack of personal jurisdiction where the plaintiff

"made no allegations regarding [the individual defendant]'s individual actions, either inside or outside the State of Oregon" and the plaintiff's "sole allegation [wa]s that [the individual defendant] is President and CEO of [the corporate defendant], and he therefore 'presumably' participated in [the corporate defendant]'s activities within the state" which "simply is not enough"); *Smith v. U.S. Bank, N.A.*, No. CIV. 10-3077-CL, 2011 WL 2470100, at \*9 (D. Or. Apr. 22, 2011) (granting the individual defendants' motion to dismiss for lack of personal jurisdiction because "Plaintiffs have failed to establish that any of the moving individual defendants has sufficient minimal contacts to establish that this court may exercise personal jurisdiction over them" where the plaintiffs alleged only that the individual defendants were agents of the defendant corporation and had received a letter regarding the dispute at issue), *findings and recommendation adopted*, 2011 WL 2469729 (D. Or. June 20, 2011); *Blackthorne v. Posner*, 883 F. Supp. 1443, 1449-50 (D. Or. 1995) (dismissing an individual defendant for lack of personal jurisdiction where the plaintiff did not allege that the defendant "was personally involved in any of the matters involving his claims against" the corporation because "[j]urisdiction over an individual director or officer of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individual maintains contacts with the forum state that would subject him to the coverage of the state's long-arm statute and comport with due process") (citation omitted).

In its opposition to Passage Inc.'s motion to dismiss, Widman Law relies primarily on its allegation that Basiri purposely directed activities at Oregon by continuing to maintain its website using the "PASSAGE" mark after receiving Widman Law's cease and desist letter. (Pl.'s Opp'n. at 5-7.) Basiri responds that operating a website does not subject a defendant to personal jurisdiction, and even if it did, Widman Law has not alleged that Basiri operated Passage Inc.'s

PAGE 9 – OPINION AND ORDER

website.[2] (Basiri's Reply at 5-6.) The Court finds that in the absence of specific allegations that Basiri was responsible for operating Passage Inc.'s website, Widman Law has not met its burden of demonstrating that Basiri—as opposed to Passage Inc.—purposefully directed activities at Oregon.

But even if Widman Law could establish that Basiri operated Passage Inc.'s website, the Ninth Circuit has clearly held that "operation of an interactive website does not, by itself, establish express aiming." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). "When the website itself is the only jurisdictional contact, [the court's] analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *Id.* (simplified); *cf. Freeman v. 3Commas Techs. OU*, No. 24-6158, 2026 WL 579391, at *1 (9th Cir. Mar. 2, 2026) (holding that "a company's internet activity may subject the company to specific personal jurisdiction in a given forum if the company knows—either actually or constructively about its customer base there and exploits that base for commercial gain") (citation omitted); *L & A Designs, LLC*, 860 F. Supp. 2d at 1201 (holding that "[o]perating a website . . . in conjunction with 'something more', i.e., actions that target the forum state, is sufficient to satisfy the express aiming prong" (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)); *Love v. Associated Newspapers*, 611 F.3d 601,

---

[2] Widman Law does not appear to argue that receiving the cease and desist letter, standing alone, was enough to subject Basiri to personal jurisdiction in Oregon, but rather that continuing to maintain the website following receipt of the letter supports a finding of intentionality. (*See* Pl.'s Opp'n at 5, arguing that Passage Inc.'s continued infringement after receiving a cease and desist letter "is an indicator of [Basiri's] intentionality"). In any event, the Court agrees that mere receipt of a cease and desist letter, without more, does not establish intentionality sufficient to subject the recipient to personal jurisdiction in the sender's forum. *Cf. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter.") (citation omitted).

PAGE 10 – OPINION AND ORDER

609 n.4 (9th Cir. 2010) (holding that "the 'expressly aimed' prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's website for the purpose of competing with the plaintiff in the forum") (citation omitted).

Here, Widman Law has not alleged that Passage Inc.'s website had an Oregon-specific focus nor that Passage Inc. intended specifically to cultivate an audience in Oregon. On the contrary, Basiri submitted evidence that Passage Inc. has never placed any international employees in Oregon. (*See* Basiri Decl. ¶ 3, "The only business service related to the United States that Passage has provided to date is to assist international individuals with locating jobs in the United States healthcare industry by referring them to a third-party company that facilitates the placement of healthcare workers. None of those placements have been in Oregon.")

For these reasons, the Court finds that Widman Law has failed to meet its burden of demonstrating that Basiri purposefully directed any activities at Oregon.[3] Accordingly, the Court lacks specific personal jurisdiction over Basiri and grants Basiri's motion to dismiss for lack of personal jurisdiction.

### B.    Jurisdictional Discovery and Leave to Amend

Widman Law seeks jurisdictional discovery to acquire additional information to support a finding of personal jurisdiction over Basiri, as well as leave to amend its complaint. (Pl.'s Opp'n at 14-15.) Basiri responds that jurisdictional discovery is inappropriate because there are no disputed facts that requisite jurisdictional discovery and leave to amend would be futile. (Basiri's Reply at 7.)

---

[3] Where Passage Law has not met its burden under the first prong of the minimum contacts test, the Court need not reach the second and third prongs. *See LNS Enters.*, 22 F.4th at 859 ("All three prongs must be satisfied [for a court] to assert personal jurisdiction[.]").

PAGE 11 – OPINION AND ORDER

"Jurisdictional discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (citation omitted). "But 'a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery.'" *Id.* (citing *LNS Enters.*, 22 F.4th at 864-65); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The district court's refusal to provide such discovery will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (simplified).

Although Basiri is now dismissed from this case, the case will proceed against Passage Inc. Discovery is ongoing and the deadline for Widman Law to amend its complaint has not yet expired. Accordingly, if Widman Law discovers additional facts during the course of discovery to bolster its argument that the Court has specific personal jurisdiction over Basiri, it may seek leave to amend its complaint. *See Exact Ord. Specialties*, 2012 WL 3597432, at *5 ("Accordingly, [the defendant]'s motion to dismiss this action for lack of personal jurisdiction is granted. However, the dismissal is without prejudice, recognizing that as discovery progresses in the case, additional evidence may come to light regarding [the defendant]'s individual actions within the state."); *see also Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024) ("A dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice." (first citing *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985); then citing *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983); and then citing *Thomas v. Furness Pac. Ltd.*, 171 F.2d 434, 435 (9th Cir. 1948))), *cert. denied*, 145 S. Ct. 2846 (2025).

PAGE 12 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Basiri's motion to dismiss for lack of personal jurisdiction (ECF No. 11) and DISMISSES Basiri from this case without prejudice.

**IT IS SO ORDERED.**

DATED this 8th day of June, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 13 – OPINION AND ORDER